OPINION
{¶ 1} Hershel Rogan is appealing the judgment of the Champaign County Common Pleas Court, which convicted him of sexual battery and escape.
 {¶ 2} Mr. Rogan was indicted on one count of rape, one count of attempted rape, and one count of escape on May 17, 2001.[1] On November 21, 2001, counsel was appointed for Mr. Rogan. However on February 19, 2002, another counsel, who had been retained by Mr. Rogan's family, entered an appearance on his behalf. The Court informed his retained counsel that appointed counsel would have to proceed with the trial if she could not be ready for trial by March 5, 2002. The retained counsel subsequently filed motions for voir dire of identification witnesses, for a bill of particulars, for evidence in chief, for identification and designation of evidence and for a transcript of the grand jury proceedings. On February 28, 2002, Mr. Rogan entered an Alford plea to sexual battery instead of rape and a guilty plea to one count of escape pursuant to a plea agreement where the count of attempted rape was dismissed. On April 10, 2002, Mr. Rogan was sentenced to five years of imprisonment on the sexual battery conviction and six years on the charge of escape, to be served concurrently. Additionally, Mr. Rogan was classified as a sexually oriented offender.
 {¶ 3} Mr. Rogan has filed this appeal from his conviction, raising the following two assignments of error:
 {¶ 4} "[1.] A Trial Court Must Hold An Inquiry When A Criminal Defendant Requests New Counsel On The Eve Of Trial.
 {¶ 5} "[2.] A Guilty Plea May Must {sic} Be Vacated Where But For The Ineffectiveness Of Counsel, The Plea Would Not Have Been Made."
 Appellant's first assignment of error: {¶ 6} Mr. Rogan asserts that his plea should be vacated because he would not have entered the plea but for the trial court's error in telling his retained counsel that his appointed counsel would have to proceed unless she was ready to proceed with the trial on March 5, 2002. We disagree.
 {¶ 7} When a defendant makes a request for new counsel on the eve of trial, the court "must decide if the reasons for the defendant's request constitute good cause and are thus sufficiently substantial to justify a continuance of the trial in order to allow new counsel to be obtained." State v. Webb (August 31, 1984), Lucas App. No. L-84-020, quoting United States v. Welty (1982), 674 F.2d 185, 187. The court should examine the defendant's reasons for the request and only grant a substitution of counsel during trial if the defendant has shown good cause. Id. Good cause may consist of a "conflict of interest, a complete breakdown in communication, or an irreconcilable conflict with his attorney." Id.
 {¶ 8} At a hearing on February 19, 2002, Mr. Rogan's retained counsel made an appearance on his behalf. The trial court informed his retained counsel that the case was scheduled for March 5, 2002 and the court would only release Mr. Rogan's appointed counsel if his retained counsel could be ready for the March 5th trial date. Subsequently, Mr. Rogan's retained counsel negotiated a plea agreement, and Mr. Rogan pled guilty.
 {¶ 9} Mr. Rogan argues that he would not have entered a plea if the trial court had not stated that he would have to proceed to trial on March 5th with his appointed counsel if his retained counsel was not prepared for trial. Further, Mr. Rogan states that it was error for the trial court not to hold a hearing on Mr. Rogan's request to substitute counsel. Initially, we note that, at the February 19th hearing, Mr. Rogan's retained counsel did not indicate that she would not be prepared for the March 5th trial but instead indicated that she was pursuing plea negotiations with the State.
 {¶ 10} At the plea hearing, the trial court engaged in an extensive colloquy with Mr. Rogan regarding his plea. During this colloquy, Mr. Rogan explicitly stated that he wished to enter an Alford
plea to the sexual battery charge and a guilty plea to the escape charge. Mr. Rogan stated that, after discussions with his retained counsel, he thought his chances of being convicted at trial were good and therefore wished to enter the Alford plea to the lesser charge. Additionally, the prosecutor explained on the record that Mr. Rogan wished to enter a plea of guilty to the escape charge but wanted to enter a separate Alford plea to the charge of sexual battery. The prosecutor then continued to explain the Alford plea and how it was distinguishable from a regular guilty plea. The prosecutor explained that the State and Mr. Rogan had negotiated the plea to reduce Mr. Rogan's potential maximum penalty from eighteen years to five years. Moreover, the prosecutor discussed how retained counsel had been recently hired by Mr. Rogan and had met with the prosecutor on several occasions, had reviewed evidence for the case, and had prepared and filed motions on the case. Mr. Rogan's retained counsel agreed with prosecutor's rendition of the events.
 {¶ 11} Although generally a trial court should conduct a hearing when a defendant requests to substitute his counsel on the eve of trial, we do not agree that the trial court's failure to do so in this case was fatal. The extensive colloquy at the plea hearing demonstrated that Mr. Rogan was being represented by his retained counsel and that he was satisfied with the representation. Furthermore, the record demonstrates that Mr. Rogan knowingly and voluntarily chose to enter the pleas to the two charges. We do not agree that Mr. Rogan's pleas were less than knowing, voluntary, and intelligent because the trial court had told Mr. Rogan's retained counsel that his appointed counsel would have to proceed with the trial unless she was prepared for trial on March 5th. There is no indication that Mr. Rogan's appointed counsel was not prepared to take the case to trial on March 5th, but rather the record indicates that his retained counsel was informed on the case and negotiated a good plea agreement with the prosecutor. Mr. Rogan's first assignment of error is without merit and is overruled.
 Appellant's second assignment of error: {¶ 12} Mr. Rogan argues that his counsel was ineffective for failing to properly enter an appearance, request a continuance, or offer the court good cause for substitution of counsel and that he involuntarily pled rather than proceed with appointed counsel. We disagree.
 {¶ 13} We evaluate ineffective assistance of counsel arguments in light of the two prong analysis set forth in Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct. 2052. Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. See id. at 2064-65. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. See id. at 2064. Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. See id. at 2065.
 {¶ 14} Mr. Rogan argues that his plea was not voluntary because his counsel failed to properly enter her appearance, request a continuance, or offer the court good cause to substitute counsel. Mr. Rogan argues that, because of his counsel's failures, his only option was proceeding with either his appointed counsel with whom he was not pleased or accepting a plea. Mr. Rogan assumes that his retained counsel was unprepared to proceed with his trial on March 5th. There is nothing in the record to support that this was true. Rather, Mr. Rogan's retained counsel had filed several motions on his case, reviewed the evidence, and engaged in several conversations and negotiations with the State on his behalf. Although Mr. Rogan's retained counsel may not have properly filed her notice of appearance, the trial court permitted her to represent Mr. Rogan so long as she was prepared for the March 5th trial date. The record demonstrates that his retained counsel was informed on Mr. Rogan's case and appears to have been prepared should the case have proceeded to trial.
 {¶ 15} Moreover, the record of the plea hearing indicates that Mr. Rogan was knowledgeable and intelligent regarding the plea process and the charges to which he was pleading. Moreover, Mr. Rogan stated at the hearing that he had discussed the case with his counsel and that, due to their discussions regarding his chances at a jury trial, he had decided to enter a plea. Having reviewed the record, we do not believe that the conduct of Mr. Rogan's counsel fell below an objective standard of reasonableness or that the outcome of the proceedings would have been different but for his counsel's conduct. Therefore, we do not agree with Mr. Rogan that his plea was not voluntary as a result of his retained counsel's ineffective assistance. Mr. Rogan's second assignment of error is without merit and is overruled.
 {¶ 16} The judgement of the trial court is affirmed.
WOLFF, J. and GRADY, J., concur.
[1] Mr. Rogan has appeared before this Court previously on separate charges in State v. Rogan (1994), 94 Ohio App.3d 140.